CASE 11—AGREED CASE—DECEMBER 19.

# City of Bowling Green v. Barclay, Potter & Co.

APPEAL FROM WARREN CIRCUIT COURT.

PRIVATE BANKS SUBJECT TO MUNICIPAL TAXATION.—Only incorporated banks are authorized by section 1 of article 2, chapter 92, General Statutes, to pay into the State Treasury seventy-five cents on each share of stock equal to one hundred dollars, "in full of all tax, State, county and municipal." Therefore, unincorporated banks are subject to municipal taxation upon their capital stock.

JOHN E. DuBOSE, EDWARD W. HINES FOR APPELLANT.

1. Private banks are subject to taxation by municipal corporations Section 1 of article 2, chapter 92, General Statutes, does not apply to unincorporated banks. (Campbell's Ex'r v. Farmers' Bank, 10 Bush, 154; Gen. Stats., chap. 92, art. 2, secs. 2, 4, 6, 7; Idem, art. 6, sec. 25.)

2. An intention to change a well-settled rule of law should clearly appear before the presumption should be indulged that such change has been produced by an act of the Legislature. (Lee v. Foreman, 3 Met., 116.)

JAMES C. SIMS OF COUNSEL ON SAME SIDE.

DULANEY & MITCHELL FOR APPELLEES.

1. Section 1 of article 2, chapter 92, General Statutes, is not confined in its application to incorporated "institutions of loan or discount," and, therefore, embraces private non-corporate banks. In preceding acts the Legislature, when referring to institutions as corporate bodies, always employed the prefix incorporated. (2 Rev. Stats., 239; 2 Rev. Stats., 266; Gen. Stats., chap. 52, art. 4, sec. 15; Gen. Stats., chap. 23, sec. 19; Gen. Stats., chap. 60, art. 1, sec. 8; Gen. Stats., chap. 61, art. 2, sec. 5; Gen. Stats., chap. 101, sec. 11; Gen. Stats., ed. 1877, chap. 92, art. 2, sec. 1; Gen. Stats., chap. 30, sec. 1.)

2. The Legislature intended, by the act under consideration, to embrace private banks in the same category with State and national banks, and thereby fix the uniformity and equality as required by the act of Congress. (U. S. Rev. Stat., sec. 5291; notes on U. S. Rev. Stat., p. 952; City Nat. Bank of Paducah v. City of Paducah, 10 Ky. Law Rep., 221.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Section 1 of article 2 of chapter 92, General Stat-

utes, provides: "That shares of stock in State and national banks, and *other institutions* of loan or discount, and in all corporations required by law to be taxed on their capital stock, shall be taxed seventy-five cents on each share thereof equal to one hundred dollars, or on each one hundred dollars of stock therein owned by individuals, corporations or societies; and said banks, institutions and corporations shall, in addition, pay upon each one hundred dollars of so much of their surplus, undivided surplus, individual profits or undivided accumulations as exceeds an amount equal to ten per cent. of their capital stock, the same rate of taxation that is assessed upon real estate, which shall be in full of all tax, State, county and municipal," &c.

As the rate of taxation had been fixed by some of the charters of the State banks, and to avoid the questions that might arise as to the legislative power with reference to these banks, section 4 of the act provided: "That each of the banks, institutions or corporations, by its proper corporate authority, with the consent of a majority in interest of a quorum of its stockholders at a regular or called meeting, may give its consent to the levying of said tax, and agree to pay the same as herein provided, and to waive and release all right under the act of Congress, or under the charters of the State banks, to a different mode or smaller rate of taxation, which consent to and with the State of Kentucky shall be evidenced by writing, under the seal of such bank, and delivered to the Governor of this Commonwealth, and upon such agreement and consent being delivered, and in considera-

tion thereof, *such bank* and *its shares* of stock shall be exempt from all other taxation whatsoever so long as said tax shall be paid *during the corporate existence of such bank.*"

Barclay, Potter & Co., in the town of Bowling Green, have a private institution, or it may be termed a private bank to distinguish it from an incorporated institution, in which they receive deposits of money, loan and discount paper. It has a large capital stock, and has, in financial circles, a higher position as a moneyed institution than that controlled or owned by the ordinary broker. They have been paying taxes, State, county and municipal, until the Auditor demanded payment into the Treasury, as required by the act in question, and the appellees, having elected to pay the tax as provided, claim that they are, therefore, exempt from all other taxation, State, county and municipal. The appellant, the city of Bowling Green, contends that such private banks or institutions were not embraced by the provisions of the act, and that such was not the legislative purpose. The court below held that, having paid to the Auditor the amount of tax required by the statute applicable to banks who had accepted its provisions, the bank was not, therefore, liable to pay city taxes. It seems to us the court below placed a construction on the provisions of the act contrary to the legislative meaning; and while there may be trouble in ascertaining what meaning the Legislature intended to be given the words *and other institutions of loan or discount*, having already designated banks, State and national, still it is apparent the law-making power was dealing with institutions

invested by law with corporate rights and privileges, and among them the right to loan and discount notes and bills, and fearing that such privileges may have been given, and were being exercised by the institutions not known as banks, it was intended to embrace all such, but not to apply to a private bank. A private bank may be owned, and its business conducted, by one man, with his own capital, without cashier or book-keeper other than himself, or it may be conducted by two or more in the same way without shares of stock making up its capital, or it may have shares of stock, and is more in the nature of a partnership than the ordinary bank with its stockholders. If the appellees are exempt from this taxation by the city, we see no reason why the exemption should not apply to the broker in his office, if he styled his place of business as an institution for the loan of money and discount of paper; and while the one may be of a higher grade than the other with financial men, still, if one is exempt all should be. *All other institutions*, if given a comprehensive meaning, would embrace the street corner broker as well as the private banker, if he styled his business *a banking institution*.

The second section of the act imposing this tax on banks, &c., makes the cashier and his sureties liable for the amount of tax and twenty per cent. on the amount upon the failure to pay. A private bank seldom has a cashier who executes a bond with surety, because it is generally run or owned by a few men of capital, who either run the bank themselves or are willing to confide in others without this bond.

There are generally no stockholders to protect in such an institution. Its business is conducted as that of the merchant, the tradesman, with no special privileges or immunities, having their property rights protected and conferred under the general law of the land. The Legislature was endeavoring to place what they conceived a taxation upon corporate institutions, with the power to do business emanating from the sovereign, and not to interfere with the private business affairs of the citizen, or to change the rate of taxation on what would be termed private property. The public good induced the Legislature, in the first place, to create these corporate institutions, and for the public good they undertook to make this arrangement with them, and whether termed banks, institutions, or under some other name, the law applies to institutions with corporate privileges, whose business is to loan money and discount paper. The appellees are liable for the tax.

Judgment reversed, and remanded for proceedings consistent with this opinion.